The STATE of Ohio, Appellee,

v.

MIKULIC, Appellant.

[Cite as *State v. Mikulic* (1996), 116 Ohio App.3d 787.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70269.

Decided Dec. 23, 1996.

788

Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and Randi Ostry Lehoty, Assistant Prosecuting Attorney, for appellee.

Nicholas K. Thomas, for appellant.

*Per Curiam.*

In this delayed appeal, defendant Andrew Mikulic challenges his convictions on two counts of robbery. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

On December 9, 1993, defendant was indicted for two counts of robbery with violence specifications and one count of felonious assault with two violence specifications. Defendant pleaded not guilty, and counsel was assigned to represent him. The record next indicates that the state and defense counsel entered into plea negotiations, and on December 17, 1993, the court held the following proceedings of record:

"[BY DEFENSE COUNSEL]: Your honor, I have discussed that with Mr. Mikulic. And he talked about entering a plea of [not guilty] by reason of insanity. After talking to him about that, he felt that because he was under the influence of drugs, that he was partially insane at the time. My professional opinion is that the voluntary ingestion of a controlled substance, even though it makes a lot of people temporarily insane, is an unavailable [defense] under the State of Ohio. But he did bring that up.

"THE COURT: Well, Mr. Mikulic, did you take the drugs voluntarily?

"DEFENDANT: Yes.

"THE COURT: Before committing these two crimes?

"DEFENDANT: Yes.

"THE COURT: Nobody forced you to take these drugs? Nobody forced the drugs into you did they?

"DEFENDANT: No.

"THE COURT: I see. And except for drug using, do you feel that you are competent and sane?

"DEFENDANT: Not when I'm on drugs."

Defendant then entered guilty pleas to counts one and two, and the state nolled the felonious assault charge. At the subsequent sentencing proceeding, defense counsel outlined defendant's extensive psychiatric history. Records were produced for the court, and the court indicated that it had read them. These documents, which are now appended to defendant's appellate brief and were presumably part of the presentence investigation which the trial court ordered, detail defendant's extensive history of psychiatric problems. One of the documents indicates that defendant has "substance-induced psychosis," and another indicates that he has "acute psychosis which was partially drug-induced." In addition, the documents reveal that days before the offenses which are the subject of the indictment, defendant was hospitalized in the Psychiatric Intensive Care Unit at Lakewood Hospital, and upon his discharge was given a prescription for Haldol, with instructions that he attend a partial-hospitalization program at St. Vincent Charity Hospital.

The court subsequently sentenced defendant to a term of five to fifteen years' incarceration on each count. Defendant now appeals and assigns two errors for our review.

Defendant's first assignment of error states:

"The appellant's plea was not a voluntary and knowing plea in violation of the appellant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and under Article I Section 10 of the Ohio Constitution."

Guilty pleas are governed by Crim.R. 11, which provides:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

Thus, before accepting a guilty plea, the trial court must inform the defendant that by pleading guilty, he is waiving the rights enunciated in Crim.R. 11(C)(2). In determining whether the trial court has met its duties, reviewing courts have distinguished nonconstitutional and constitutional rights. See *State v. Sims* (May 24, 1995), Summit App. Nos. 16841 and 16936, unreported, 1995 WL 312702; *State v. Gibson* (1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990, 991–992. For rights not protected by the Constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and the defendant subjectively understood the implications of his plea and the nature of the rights he was waiving. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476–477. For a waiver of constitutional rights to be valid under the Due Process Clause, there must be an intentional relinquishment or abandonment of a known right or privilege. *State v. Buchanan* (1974), 43 Ohio App.2d 93, 96, 72 O.O.2d 307, 308–309, 334 N.E.2d 503, 506–507. In *State v. Buchanan, supra,* this court explained:

"The waiver must be voluntarily, intelligently and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. Otherwise it is in violation of due process and is therefore void." *Id.* at 96, 72 O.O.2d at 309, 334 N.E.2d at 506. Accord *State v. Kelley* (1991), 57 Ohio St.3d 127, 129, 566 N.E.2d 658, 660.

Where it is manifest that the plea is premised upon incorrect legal advice, the plea is in violation of the defendant's right to due process and is not voluntary. See, *e.g., State v. Fletchinger* (1977), 51 Ohio App.2d 73, 77, 5 O.O.3d 186, 188–189, 366 N.E.2d 300, 303.

Once a plea is made, the trial court may accept the plea of guilty and enter a finding of guilt and sentence the defendant, or it may reject the plea, enter a plea of not guilty, and set the matter for trial. *State v. Richter* (1993), 92 Ohio App.3d 395, 399, 635 N.E.2d 1295, 1297–1298. Crim.R. 11(G). However,

where a guilty plea is not knowingly, voluntarily, and intelligently made, it may not be accepted by the trial court. *Id.; State v. Smith* (Mar. 28, 1991), Cuyahoga App. Nos. 58334, 58418 and 58443, unreported, 1991 WL 41730.

In this instance, the record compels the conclusion that defendant did not knowingly, voluntarily, and intelligently plead guilty to the robbery charges, since he was not given correct information regarding the defense of insanity. That is, although the defense attorney and the trial court correctly noted that, for an otherwise sane individual, the voluntary ingestion of drugs will not give rise to the defense of insanity, see, *e.g., State v. Wolons* (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443, 446–447, there is a general defense of insanity that defendant was not advised upon. That is, pursuant to R.C. 2901.01(N):

"A person is not guilty by reason of insanity relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."

This omission, coupled with defendant's extensive psychiatric history, including psychiatric hospitalizations within days of the alleged offenses, compel us to conclude that under the facts of this matter, defendant's guilty pleas were not knowingly, intelligently, and voluntarily made. Moreover, we conclude that defendant's extensive psychiatric history constitutes a significant showing that his sanity at the time of the offense alleged in the indictment would be a key issue at trial, the court and defense counsel would have been well advised to order an examination and evaluation of the defendant pursuant to R.C. 2945.39. We therefore reverse this matter and remand for further proceedings.

The state relies upon *State v. Swift* (1993), 86 Ohio App.3d 407, 621 N.E.2d 513, in support of its claim that the plea was properly made. In *Swift,* however, the court concluded that the defendant was mentally competent to enter a guilty plea. Nonetheless, the court stated:

"[I]t is clear that a court must 'clear up' any confusion on the part of the defendant before it can accept a guilty plea. * * * Here, there was an indication of either confusion or misunderstanding * * *. As a result, the implication is that the issue was not resolved and the appellant did not make a knowing plea. Accordingly, this portion of the assignment constitutes error."

Thus, *Swift* supports our decision herein.

In light of this determination, defendant's second assignment of error is moot, and we do not address it. App.R. 12(A)(1)(c).

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., and NAHRA, J., concur.

PATTON, J., dissents.

PATTON, Judge, dissenting.

The sole ground for reversal is the majority's conclusion that defendant did not enter a voluntary plea because the trial court failed to inform him of an insanity defense. I respectfully dissent. The majority's opinion clearly shows no error by the trial judge despite the fact that any violation of Crim.R. 11(C) necessarily requires an error by the trial court.

It has long been accepted that Crim.R. 11 places no obligation on the trial court to inform a defendant of available defenses to a charged offense. See *State v. Reynolds* (1988), 40 Ohio St.3d 334, 533 N.E.2d 342; *State v. Railing* (Oct. 20, 1994), Cuyahoga App. No. 67137, 1994 WL 581485 (collecting cases). The only obligations imposed upon the trial court are those specifically contained in Crim.R. 11(C)—as pertinent here, whether the trial court ascertained whether the accused understood the nature of the charge prior to accepting the plea. See Crim.R. 11(C)(2)(a); *Reynolds, supra*, 40 Ohio St.3d at 335, 533 N.E.2d at 343. Neither the majority nor defendant makes any argument that the trial court failed in this respect.

Even if the majority were correct in its belief that the trial court had the obligation to inform defendant of a possible insanity defense, the plea colloquy demonstrates that defendant admitted not being insane at the time he committed the offense. In other words, the facts evident from the record would not support defendant's assertion that he was insane at the time he committed the offense. Omitted from the majority's recitation of facts is one line that places the colloquy in context:

"Q. THE COURT: * * * And except for drug using, do you feel that you are competent and sane?

"A. THE DEFENDANT: No, not when I'm on drugs.

"Q. THE COURT: *No. I mean, except for drugs. When you're on drugs, of course anybody who is on drugs or gets drunk, is reducing his ability to do the right thing. Do you understand that? Do you have any questions about that?*

"A. THE DEFENDANT: Yes.

"Q. THE COURT: Go ahead.

"A. THE DEFENDANT: *No questions.*" (Emphasis added.)

The omitted portion of the plea colloquy shows defendant simply misunderstood the scope of an insanity plea under the circumstances. Mistakenly, he believed that his intoxication at the time of the offense constituted an affirmative

defense. The trial judge disabused defendant of that notion, a result the majority has no quarrel with.

The sole support for the majority's position is its reference to portions of the transcript in which both the trial judge and defense counsel refer to a presentence investigation report detailing defendant's mental health history.

A presentence report is not routinely transmitted to this court and is not a public record. See *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 32, 20 OBR 279, 281, 485 N.E.2d 706, 709, fn. 2. In fact, defendant did not submit the report to this court but merely attached copies of medical records that we must assume appeared in the report. We cannot review these materials. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

Besides not being a part of the record on appeal, defendant's medical history came to light after he entered his plea. Crim.R. 11(C)(2)(a) speaks in terms of what the trial judge must do at the time it accepts the plea. By referring to these records, the majority finds that the trial court erred, basing its decision on information that the trial court admittedly did not have at the time defendant entered his plea.

I submit that we cannot find a violation of an accused's rights in hindsight. In *Ishmail, supra,* the court stated, "Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." 54 Ohio St.2d at 405–406, 8 O.O.3d at 407, 377 N.E.2d at 502. Thus, the record gives no basis from which the majority could conclude the plea lacked voluntariness as a sole result of the actions of the trial judge. Because the record clearly shows no error occurring at the time of plea, the trial court did not err in any respect. I would affirm.