OPINION
Dan Pauch appeals from a judgment of conviction and sentence entered by Judge Kenneth R. Stralka of the Garfield Heights Municipal Court after accepting Pauch's guilty plea on two counts: drug abuse in violation of R.C. 2925.11 (C) (3) (a), a minor misdemeanor; and possession of drug paraphernalia in violation of R.C. 2925.14 (C) (1), a fourth degree misdemeanor. Pauch asserts that he did not knowingly and intelligently plead guilty because the judge failed to advise him, before accepting a guilty plea, of the additional and mandatory driver's license suspension ranging from six months to five years for violation of such drug related statutes. Pauch also argues that the judge failed to properly consider the statutory sentencing criteria before imposing sentence. We agree and reverse the judgment of conviction on both counts, vacate Pauch's pleas, and remand for further proceedings consistent with this opinion.
At about 10:00 p.m. on June 4, 1998, Pauch, then 22 years of age, was with a group of young adults near Bridal Veil Falls in the Cleveland Metroparks. Park Rangers approached and detected a strong odor of burning marijuana coming from the area. Pauch was observed smoking "blunt" (marijuana joint). He gave the officers his consent for the search of his car and a Ranger discovered a large ceramic pipe with burnt residue. Pauch admitted ownership of the pipe and stated he had forgotten it was in the car. He then volunteered that a bag of marijuana was in a back pack in the car's trunk. He was arrested, told he was being charged with drug abuse and possession of drug paraphernalia, he posted a personal bond and was released.
Pauch, without benefit of counsel, appeared for arraignment on July 29, 1998. The transcript reveals that the judge advised whoever was present, en masse, of their constitutional rights, including the right to an attorney; the right to remain silent; the right of compulsory process; the right of confrontation; and the prosecution's burden to show guilt beyond a reasonable doubt of every element of the case. At an unknown hour, Pauch appeared before the judge, entered a plea of guilty without the benefit of counsel, and was addressed in the following manner:
 THE JUDGE: The plea of guilty admits that you had in your possession in the City of — in a MetroPark, paraphernalia generally used in the drug trade that could carry with it thirty (30) days and two hundred fifty dollars ($250). The minor misdemeanor could carry up to a hundred dollars ($100) With the plea, you admit your guilt, you waive your right to any further doings in this court. You waive your rights to an attorney, court-appointed if indigent, and also to a jury trial. I ask that you read over a statement of rights, waiver of counsel and jury. And after the recess, thereafter we'll bring you back. These are the rights you waive when you enter a plea, including your rights to an attorney, court appointed attorney if indigent, the jury trial. You do read, write and understand the English language?
MR. PAUCH: Mm-hmm.
 THE COURT: Okay, if you'll read this over, we'll bring you back, sir.
 (RECESS)
The written item, described as a "statement of rights, waiver of counsel and jury," given to Pauch for review is not part of the record. After the recess, the discourse between the judge and Pauch continued:
 THE JUDGE: Daniel, to the charge of drug paraphernalia and drug abuse, your plea then is?
MR. PAUCH: (Inaudible)
THE JUDGE: Pardon.
MR. PAUCH: Guilt, guilty.
 THE JUDGE: Guilty admits your guilt, waives your rights to an attorney, a court-appointed attorney if indigent and to a jury trial.
 Has anyone made any promises to you as to what the sentence of the Court might be?
MR. PAUCH: No.
 THE JUDGE: Has anyone forced you into entering this plea, admitting your guilt and waiving your rights to an attorney, a court-appointed attorney if indigent or to a jury trial?
MR. PAUCH: No.
 THE JUDGE: And you do read, write and understand the English language. It says here you have in possession marijuana, the minor misdemeanor (inaudible) you had a ceramic pipe, burnt residue, test to check too, marijuana. The court will make the finding of guilt.
 Before sentencing, is there anything you wish to say to the Court, sir?
 MR. PAUCH: I just put myself in a bad situation with people that I didn't know, and just stupid, stupidity.
 THE JUDGE: Understand your license is suspended one year for drug abuse.
MR. PAUCH: What's that?
 THE JUDGE: Your license is suspended one year for drug abuse.
MR. PAUCH: May I ask why?
THE JUDGE: Because the law requires it.
 MR. PAUCH: But I mean, it didn't have anything to do with my car. I wasn't
 THE JUDGE: It doesn't matter. That's what the law is. You see, the State sets up the rules for your license. One of them is if you're convicted of a drug abuse, you lose your license.
 MR. PAUCH: What if I didn't have my license? What if I just didn't have a license?
 THE JUDGE: It doesn't matter, sir. It's the use of it. The Court imposes thirty (30) days, two hundred fifty dollars ($250), a hundred dollars ($100) in costs. Suspend a hundred and fifty (150) of the fine. You'll be on inactive probation for three years. Any questions?
 MR. PAUCH: I just don't understand how my license comes into play with it.
 THE JUDGE: Because the State of Ohio puts it into play. You are playing on their field, sir. They make the rules.
You can go with the officer.
(END OF PROCEEDINGS)
Pauch raises two assignments of error. He first contends the judge committed reversible error when he failed to advise him that, in addition to the possible 30-day jail sentence, $250 fine for the fourth degree misdemeanor, and the $100 fine for the minor misdemeanor, he faced an additional mandatory penalty, i.e., a six month to five year suspension of his driver's license under both R.C. 2925.14 and R.C. 2925.11. He contends that the judge should not have accepted his plea once he expressed his surprise at the license suspension. Metropark counters the judge advised Pauch of the license suspension before actually sentencing him and thus, there was no error.
Criminal Rule 11 (E) prohibits a judge from accepting any plea to a misdemeanor case involving a petty offense "without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Practically, however, to be fully informed of "the effect of the plea," as Crim.R. 11 (E) requires, a defendant in a misdemeanor case must be aware of the same rights as a felony defendant under Crim.R. 11 (C) (2). Cleveland v. Wanzo
(1999), 129 Ohio App.3d 664.
For a waiver of constitutional rights to be valid under the Due Process Clause, the record must evince an intentional relinquishment or abandonment of a known right or privilege. Statev. Mikulic (1996), 116 Ohio App.3d 787, 790, appeal not allowed (1997), 78 Ohio St.3d 1452. As such, the accused's waiver must be knowing, intelligent, and voluntary, and he must understand the nature of the charges against him and the effect of his plea. Id., citing, in part, State v. Kelley (1991), 57 Ohio St.3d 127, 129. When determining whether the judge properly advised an accused of his constitutional rights, this court looks to the record to determine whether there was strict compliance with the requirements of Crim.R. 11 (C). Wanzo, supra. "Strict compliance" does not require a rote recitation of the exact language of the rule; rather, the focus on review is whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." State v. Ballard (1981), 66 Ohio St.2d 473, paragraph 2 of the syllabus. When a judge fails to inform a defendant of a constitutional right before accepting his plea of no contest or guilt, that defendant need not show prejudice. Wanzo,supra.
While strict adherence to the requirements of Crim.R. 11 is preferred, Ballard, 66 Ohio St.2d at 479; Garfield Hts. v. Mancini
(1997), 121 Ohio App.3d 155, 156, a plea will not be vacated on appeal if the record reflects that the judge substantially complied with the requirements of Crim.R. 11, i.e., the record shows that, under a totality of the circumstances, the defendant subjectively understood the effect of his plea and the rights he would be waiving upon submitting his plea, Mancini, 121 Ohio App.3d at 156, citing State v. Nero (1990), 56 Ohio St.3d 106, 108.
This court has held that the failure to inform a defendant of the possible sentence does not substantially comply with the requirements of Crim.R. 11 (E). Mancini, 121 Ohio App.3d at 157;Calvillo, 76 Ohio App.3d at 720-721; cf. Garfield Hts. v. Simerson
(Feb. 25, 1993), Cuyahoga App. No. 61726, unreported, (plea knowingly, voluntarily, and intelligently made where, before accepting plea, the judge advised defendant of his rights in a meaningful dialog and advised of potential sentence on each offense). In recent years, this court has not required a defendant to show prejudice when the judge did not inform the defendant of a potential sentence before accepting the plea. Compare Mancini,121 Ohio App.3d at 157; Cleveland v. Beasley (Dec. 10, 1992), Cuyahoga App. No. 61977, unreported, with Calvillo,76 Ohio App.3d at 714-715 n. 5. In essence, this court has concluded that the mere failure to inform a defendant about his potential sentence, as required by Crim.R. 11 (C) (2), constitutes per se reversible error and, as a result, it has given that statutory right constitutional "stature."[1]
In the present case, the transcript is clear. While the judge advised Pauch of the maximum statutory penalty for a minor misdemeanor and misdemeanor of the fourth degree, he did not advise him, prior to sentencing, of the statutorily mandated penalty contained in both the drug paraphernalia statute, R.C. 2925.22 (G), and the drug possession statute, R.C. 2925.11 (E) (2), requiring the suspension of his driver's license from six months to five years. This court has previously held that a plea is not made with "knowledge of the effect of his plea" when the judge fails to inform the accused, prior to sentencing on a first degree misdemeanor, that his driver's license will be revoked upon acceptance of his no-contest plea. Beasley, Cuyahoga App. 61977. We find, therefore, that the dialogue between the judge and Pauch did not "substantially comply" with Crim.R. 11 (E) because he did not inform Pauch of the potential sentence associated with both charges.
Moreover, although the judge addressed whoever was in the courtroom prior to the arraignment of their rights, there is nothing in the record to show that Pauch was then present and the judge did not address all of the constitutional and statutory rights contained in Crim.R. 11 (C) (2) to Pauch personally as required under Crim.R. 11 (E). Wanzo, supra. While the transcript shows that Pauch waived his right to counsel and his right to a jury trial, it is not evident that he understood that, by entering a guilty plea, he would also be giving up his constitutional right to compulsory process pursuant to Article I, Section 10, of the Ohio Constitution and his Fifth Amendment privilege against self-incrimination. Therefore, we also find that the dialogue did not "strictly comply" with Crim.R. 11 (E) because it did not inform him (rather, it made no mention) of his constitutional right of compulsory process and privilege against self-incrimination. As a result, it cannot be said that Pauch knowingly, voluntarily, or intelligently entered his guilty plea. See generally Maple Heightsv. Danielle Hassell (Apr. 29, 1999), Cuyahoga App. No. 73824. Pauch's first assignment of error is affirmed.
Pauch's second assignment of error asserting that the judge erred in imposing a jail sentence for a fourth degree misdemeanor without considering the criteria mandated by R.C. 2929.22 and2929.12 (C) (E) is rendered moot. App.R. 12 (A) (1) (c).
The judgment of conviction on both the drug paraphernalia and drug abuse counts are reversed, Pauch's pleas are vacated and the case is remanded for further proceedings consistent with this opinion.
It is ordered that the appellant recover from appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., AND PATRICIA ANN BLACKMON, J.,CONCURRING IN JUDGMENT ONLY.
 _________________________________ ANNE L. KILBANE JUDGE
[1] Cf. State v. Mikulic (1996), 116 Ohio App.3d 787, 790-791, applying constitutional standard and concluding that an accused's guilty plea was not knowingly, voluntarily, or intelligently made when the accused was not given legal advice by his counsel or the court regarding an available defense of insanity and, given the accused's history of mental illness, the trial court should not have accepted his plea. See, also, id. at 792-793 (Patton, J., dissenting). Insanity is an "affirmative defense" as defined in R.C. 2901.05: the same statute that places the burden of proof upon the state to show guilt beyond a reasonable doubt. See supra note 3.