JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error is overruled because a review of the record shows that Tritschler's plea of no contest was entered knowingly, intelligently and voluntarily. See State v. Ballard
(1981), 66 Ohio St.2d 473, 423 N.E.2d 115; State v. Mikulic
(1996), 116 Ohio App.3d 787, 689 N.E.2d 116; State v.Shuttlesworth (1995), 104 Ohio App.3d 281, 661 N.E.2d 817; Statev. Buchanan (1974), 43 Ohio App.2d 93, 334 N.E.2d 503.
The second assignment of error is overruled. The record reveals that the trial court was aware of and considered the mitigating factors raised by Tritschler. "The failure to mark on the sentencing worksheet mitigating factors does not necessarily demonstrate that the trial court failed to consider the mitigating factors, but only that it chose not to give them the same weight as [the defendant] argued they should have." State v. Howard
(Sept. 11, 1998), Hamilton App. No. C-971049, unreported. Further, it is clear from the transcript of the sentencing hearing that the trial court found that Tritschler was not amenable to community control because he committed the instant offense while on probation for a similar offense. The record supports the sentence imposed by the trial court.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Sundermann, JJ.