[Cite as *State v. Mullins*, 2023-Ohio-803.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                     No. 111291

    v.                             :

PAUL MULLINS,                           :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** March 16, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646178-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Adrienne E. Linnick, Assistant Prosecuting Attorney, *for appellee.*

Christina M. Joliat, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Paul Mullins ("Mullins"), appeals his guilty plea to operating a vehicle under the influence of alcohol ("OVI"), with a repeat OVI specification, challenging the validity of the plea and his 14-month prison sentence. For the reasons set forth below, we vacate Mullins's plea because it was not

knowingly, voluntarily, and intelligently made, and remand the matter to the trial court.

## I. Facts and Procedural History

{¶ 2} In November 2019, Mullins was charged in a two-count indictment. Count 1 charged him under R.C. 4511.19(A)(1)(a) with OVI, and carried a prior felony OVI offense specification under R.C. 2941.1413(A) (five or more offenses within twenty years). Count 2 charged him under R.C. 4511.19(A)(2)(a) with OVI and carried the same prior felony OVI offense specification under specification R.C. 2941.1413(A). Both OVI offenses are third-degree felonies.

{¶ 3} In September 2020, Mullins pled guilty to Count 1 and the accompanying specification. Plaintiff-appellee, the state of Ohio, nolled Count 2. At the plea hearing, the state initially advised the court of one prison term and then advised the court of another term. The prosecutor stated:

> [STATE]: [T]he defendant is going to plead guilty to Count 1, which is driving while under the influence, a third-degree felony under Revised Code 4511.19(A)(1)(a).
>
> The defendant will also be pleading guilty to the specification concerning the prior felony OVI offenses under Revised Code 2941.1413(A).
>
> * * * A third degree felony, your Honor, is punishable in prison anywhere from 9 to 36 months. That also includes —
>
> [DEFENSE COUNSEL]: No.
>
> [STATE]: – a maximum $10,000 fine. No. I'm sorry. Your Honor, the sentence is a little bit different for this.
>
> * * *

[STATE]: The sentencing actually is going to be 60 days in prison up to 36 months. The fine is anywhere from $1,350 to a maximum of $10,500.

* * *

[COURT]: Thank you. It's my understanding that if the Court were to sentence Mr. Mullins to a term of imprisonment, he would be subject to post-release control up to three years discretionally.

In the event he were to commit an additional felony while on post-release control, he would be subject to additional incarceration up to one-half of the original sentence imposed; is that correct?

[STATE]: Yes, your Honor. And I forgot to also add, your Honor, there's — the specification adds a mandatory prison sentence of one, two, three, four, or five years.

[COURT]: Thank you. What's the defense's position?

[DEFENSE COUNSEL]: Your Honor, the recitation * * * of plea is counsel's as well as Mr. Mullins' understanding, Judge.

* * *

The only thing that I would add, Judge, just for the fullness of the record * * * regarding the specification, * * * it is my belief just that shortly here [Mullins] will be withdrawing his formerly entered plea of not guilty and entering a plea of guilty to the outline with an understanding, your Honor, not only is the specification discretionary — well, discretionary in terms of one, two, three, four, or five years in prison, but that must be served prior and consecutive to the underlying range of imprisonment which calls for a possibility of 60 days at the minimum up to 36 months.

Court: Thank you. Mr. Mullins, did you understand everything the [assistant] prosecutor and your attorney just said?

[Mullins]: Yes, sir.

*(Sept. 10, 2020, tr. 3-6.)*

{¶ 4} The trial court then discussed Mullins's constitutional rights and asked Mullins how he pled to "the charge of driving under the influence in violation

of Section 4511.19A(1)(A), a felony of the third degree with the specification concerning the prior felony of the OVI?" Mullins replied, "[g]uilty" and the court accepted Mullins's plea finding that it was made "knowingly, intelligently, and voluntarily[.]" (Sept. 10, 2020, tr. 8-9.)

{¶ 5} When the matter reconvened in June 2021 for sentencing, the state indicated that Mullins "is subject to a minimum of one year and two months in prison * * * [because] this is his sixth DUI offense." (June 3, 2021, tr. 13.) The court then ordered Mullins

> to serve a stated term of 60 mandatory days in jail, and three years probation, a fine of $1,350, and a mandatory drug and alcohol treatment program. His license is suspended for five years. After three years, limited driving privileges are restored. He must have restricted plates and an interlock system. And the vehicle he was driving that evening will be forfeited, if he owned it. Court costs are hereby waived.

*(June 3, 2021, tr. 13.)*

{¶ 6} The state then advised the court that Mullins's sentence needs to be at least a year and two months because of the R.C. 2941.1413 specification, which imposes an additional one, two, three, four, or five years of prison that must be served prior to and consecutive to the OVI. Defense counsel indicated that it was his "understanding that this was pled to an F-3, relative to either second felony lifetime with the OVI." (June 3, 2021, tr. 14.) The trial court agreed with defense counsel and stated that "the sentence stands." (June 3, 2021, tr. 14.) The sentence, however, was never journalized. Yet Mullins was taken into custody to begin his sentence.

{¶ 7} The matter reconvened in July 2021. At this hearing, defense counsel acknowledged that "Mullins knows he stands before the Court having pled to the felony of the third degree with the specification" and asked the court for the minimum sanction of one year and 60 days. (July 22, 2021, tr. 16.) The state indicated that Mullins faces "a minimum term of incarceration of one year and 60 days, up to a maximum of five years and 36 months." (July 22, 2021, tr. 17.) The trial court then sentenced Mullins to

> a stated term of 14 mandatory months in prison, four years probation. A fine of $1,350. Mandatory drug and alcohol treatment program. His license is suspended for five years. After three years, limited driving privileges are restored. He must have restricted plates and interlock system, and the vehicle that he was driving that evening forfeited if he owned it.

> He is to receive credit for 50 days in jail. Court costs are hereby waived.

*(July 22, 2021, tr. 19.)*

{¶ 8} Mullins's sentencing journal entry reflects that the court sentenced him to 14 months in prison. However, it also states that Mullins "is sentenced to 3 year(s) of community control/probation on each count * * * to begin once prison sentence is complete," in contradiction to the "four years probation" the court imposed at the sentencing hearing. Additionally, the journal entry states that "post release control is part of this prison sentence for up to 3 years discretionary[.]"

{¶ 9} Mullins now appeals, raising the following two assignments of error for review:[1]

---

[1] We note that Mullins filed a pro se motion for delayed appeal, which was granted by this court.

**Assignment of Error One:** [Mullins's] plea was taken in violation of Crim.R. 11 and was not entered knowingly, intelligently, or voluntarily.

**Assignment of Error Two:** [Mullins's] modified sentence is contrary to law and in violation of due process, constitutional guarantees.

## II. Law and Analysis

{¶ 10} In the first assignment of error, Mullins argues that his plea was not knowingly, intelligently, and voluntarily made because he was misinformed of the nature of the charges and maximum penalty involved. We agree.

{¶ 11} Relevant to the instant case, Crim.R. 11(C)(2)(a) provides that in felony cases, the trial court shall not accept a guilty plea without first addressing the defendant personally and:

> Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

*Id.*

{¶ 12} "The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Poage*, 8th Dist. Cuyahoga No. 110577, 2022-Ohio-467, ¶ 9, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error."

*State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14-15; and *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977); Crim.R. 52.

{¶ 13} The Ohio Supreme Court has made limited exceptions to the prejudice component of Crim.R. 11 in the criminal-plea context. *Id.* at ¶ 14. In *Dangler*, the court stated, "When the trial court fails to explain the constitutional rights outlined in Crim.R. 11 that a defendant waives by pleading guilty, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14, citing *State v. Clark*, 119 Ohio St. 3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, and *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 62, syllabus. "But when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, [such as the nature of the changes and the maximum penalty,] a defendant must affirmatively show prejudice to invalidate a plea." *Id.*, citing *Veney* at ¶ 17. Additionally, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis sic.) *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 14} Because the case law has muddled the analysis by suggesting different tiers of compliance with Crim.R. 11, the *Dangler* Court clarified that, aside from these two exceptions, when a defendant attempts to invalidate his plea, reviewing courts should engage in the following inquiry: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the

rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 16-17.

{¶ 15} Based on the above-plea colloquy, we find that the record clearly demonstrates that the trial court misinformed Mullins and was uncertain as to the nature of the charges and maximum penalty before accepting Mullins's guilty plea. This is evident at the plea hearing in September 2020, at the sentencing hearing in June 2021, and lastly at the sentencing hearing in July 2021.

{¶ 16} When an OVI offender, such as Mullins, is being sentenced for a violation of R.C. 4511.19(A)(1)(a) and pleads guilty to the repeat-offender specification under R.C. 2941.1413, the trial court must impose a prison term of one, two, three, four, or five years to *be served consecutively and prior* to a discretionary prison term of 9-36 months or a community-control sanction for the underlying offense. *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 18; R.C. 4511.19(G)(1)(e)(i); R.C. 2929.13(A)(2), (G)(2).[2] An offender is only sentenced to 60 days when the offender has *not* pled guilty to the specification. R.C. 4511.19(G)(1)(e)(i). Moreover, R.C. 2929.13(A) "requires that when a sentencing court imposes the mandatory specification-related sentence, the court also 'may impose' an additional prison term prescribed in R.C. 2929.14 or a community-

---

[2] The legislature's intent to carve out the sentencing structure for OVI offenses from other criminal offenses is evident in R.C. 4511.19 itself and its interplay with R.C. 2941.1413, 2929.13, and 2929.14. *See South* at ¶ 8-9.

control sanction prescribed in subsection [R.C. 2929.13(G)(2)] for the underlying OVI offense." *South* at ¶ 15.

{¶ 17} In *South*, the Ohio Supreme Court specifically considered how multiple sentencing statutes interact when a defendant is convicted of a third-degree OVI, as well as a repeat-offender specification and concluded "that a trial court must sentence that defendant to a mandatory prison term of one, two, three, four, or five years for the repeat-offender specification [and] * * * may also sentence the defendant to an additional prison term of 9, 12, 18, 24, 30, or 36 months for the underlying OVI conviction" "or a community-control sanction prescribed in subsection [R.C. 2929.13(G)(2)] for the underlying OVI offense." *Id.* at ¶ 1, 15.

{¶ 18} In the instant case, the record is clear that Mullins was misinformed of the nature of the charges when he was never advised at the plea of the number of his prior OVI offenses. Furthermore, Mullins was misinformed of his maximum sentence when there was never any mention of the possibility of community-control. During the plea colloquy, the back-and-forth between the state and defense counsel confused the maximum penalty on the record. First, the state advised it was a third-degree felony punishable in prison anywhere from 9 to 36 months. After defense counsel interjected, the state then advised that the sentence was 60 days in prison up to 36 months. There was no mention of the possibility of a community control sanction. This misinformation was demonstrated again at the June 2021 sentencing hearing where it was evident the trial court, defense counsel, and Mullins were confused as to the maximum penalty, resulting in the trial court continuing the

matter for resentencing the following month. Rather, the state, defense counsel, and the court proceeded under the incorrect term of only an additional 60 days to 36 months in prison for the underlying OVI. There is no scenario, however, in which the court could have properly sentenced Mullins to 14 months in prison. Rather, his prison sentence must have been either one, two, three, four, or five years on the repeat OVI offender specification to be served prior and consecutive to either 9, 12, 18, 24, 30, or 36 months in prison or a community-control sanction prescribed in R.C. 2929.13(G)(2) for the underlying OVI conviction.

{¶ 19} When conducting the plea colloquy, "the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 at ¶ 26. "If a defendant receives 'proper information,' it can be assumed that he or she understood it." *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 14 (8th Dist.), quoting *State v. Gurley*, 8th Dist. Cuyahoga No. 70586, 1997 Ohio App. LEXIS 2414, 8-9 (June 5, 1997), citing *State v. Carter*, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979).

{¶ 20} This is not the case in the matter before us. "When material misinformation about a consequence of a guilty plea is conveyed to a defendant, and the court by its silence fails to correct the mistake, the failure renders the plea less than knowing, intelligent, and voluntary." *State v. Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627, ¶ 17, citing *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). Here, the court failed to correct the mistake in Mullins's sentence and

failed to advise Mullins of the full nature of his charges. There is no indication that the trial court ensured that Mullins knew and understood the maximum penalty involved with the OVI offense. Because of the substantial misinformation that the trial court, the state, and defense counsel provided to Mullins, it cannot be said that Mullins knowingly, intelligently, and voluntarily entered his plea. *See State v. Mikulic*, 116 Ohio App.3d 787, 790, 689 N.E.2d 116 (8th Dist.1996) ("Where it is manifest that the plea is premised upon incorrect legal advice, the plea is in violation of the defendant's right to due process and is not voluntary."); *State v. Chessman*, 161 Ohio App.3d 140, 2005-Ohio-2511, 829 N.E.2d 748, ¶ 18 (2d Dist.) (finding that a plea premised on misinformation about community control would "render [the defendant's] guilty pleas less than knowing and voluntary.").

{¶ 21} These omissions and the misinformation demonstrate a complete failure to comply with Crim.R. 11(C) and eliminate Mullins's burden to demonstrate that he was prejudiced by the trial court's error. *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.23d 286 at ¶ 15. Therefore, Mullins could not have knowingly, intelligently, and voluntarily entered his guilty plea, and his plea must be vacated.

{¶ 22} Accordingly, the first assignment of error is sustained.

{¶ 23} In the second assignment of error, Mullins argues his sentence is contrary to law and in violation of due process, constitutional guarantees. Our disposition, however, of the first assignment of error renders this assigned error moot. App.R. 12(A)(1)(c).

## III. Conclusion

{¶ 24} Mullins's guilty plea was not knowingly, voluntarily, and intelligently made. Therefore, the plea is vacated and any error regarding his sentence is moot.

{¶ 25} Accordingly, judgment is vacated, and case is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
LISA B. FORBES, J., DISSENTS (WITH SEPARATE OPINION)

LISA B. FORBES, J., DISSENTING:

{¶ 26} I respectfully dissent from the majority opinion and would instead overrule Mullins's first assignment of error relating to his guilty plea and sustain his second assignment of error relating to his prison sentence.

{¶ 27} As to Mullins's first assignment of error, I would find that the trial court partially complied with Crim.R. 11(C)(2)(a), that the court's failure to comply fully is not of a type that excused Mullins from demonstrating prejudice, and that

Mullins failed to show prejudice. *See Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E. 3d 286, at ¶13.

{¶ 28} Prior to entering his plea of guilty, Mullins was misinformed that his minimum sentence was 60 days. As noted by the majority, a 60-day sentence for a violation of R.C. 4511.19(A)(1)(a) is only available if the defendant has not pled guilty to the repeat offender specification under R.C. 2941.1413(A). Information regarding the minimum sentence is not required by Crim.R. 11(C)(2)(a). "If a trial judge chooses to offer an expanded explanation of the law in a Crim.R. 11 plea colloquy, the information conveyed must be accurate. The rule is in place to ensure that defendants wishing to plea guilty * * * do so knowingly, intelligently, and voluntarily." *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 39.

{¶ 29} This court has acknowledged that misinformation provided to a defendant during a plea hearing amounts to partial compliance with Crim.R. 11, rather than a complete failure to comply with the rule. *State v. Clifton*, 8th Dist. Cuyahoga No. 105220, 2018-Ohio-269, ¶ 18. "[T]he trial court did not 'completely fail' to comply with Crim.R.11(C)(2)(a); it 'partially complied' notwithstanding the misinformation it provided to [the defendant] regarding postrelease control." *Id*. at ¶ 17. *See also State v. Stokes*, 8th Dist. Cuyahoga No. 93154, 2010-Ohio-3181, ¶ 9 (where the trial court erroneously stated, during the plea colloquy, that postrelease control would be a part of defendant's sentence when it was not applicable, trial court partially complied with Crim.R. 11(C)(2)(a)). The *Clifton* Court further held

that, because the trial court partially complied with Crim.R. 11(C)(2)(a), "[w]e must therefore determine if Clifton demonstrated that he was prejudiced." *Id.* at ¶ 18.

{¶ 30} Based on the information conveyed to Mullins, I would find that the trial court did not completely fail to comply with Crim.R. 11(C)(2)(a) because Mullins was correctly informed that the maximum prison sentence he faced was 36 months for the underlying OVI and five years for the repeat OVI offender specification. Therefore, a demonstration of prejudice was required to vacate the plea. Here, Mullins did not argue nor demonstrate prejudice. Accordingly, I would overrule his first assignment of error regarding his guilty plea.

{¶ 31} As to Mullins's second assignment of error, I would find that the prison sentence imposed by the trial court is contrary to law.

{¶ 32} A violation of R.C. 4511.19(A)(1)(a) is a third-degree felony if the offender has previously been convicted of a felony OVI. R.C. 4511.19(G)(1)(e). Pursuant to R.C. 2929.14(A)(3)(b), a third-degree felony OVI is punishable by a prison term of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

{¶ 33} When an offender is convicted of the repeat OVI offender specification pursuant to R.C. 2941.1413, in addition to the underlying OVI offense, the trial court is required to impose "a mandatory additional prison term of one, two, three, four, or five years * * *." Pursuant to R.C. 2929.13(G)(2), the prison sentence for the repeat OVI offender specification "shall" be served "consecutively to and prior to the prison term imposed for the underlying offense * * *."

{¶ 34} In other words, in my opinion, the court was authorized to sentence Mullins to the following term in prison given the underlying OVI offense and the repeat OVI offender specification to which he pled guilty: (1) nine to 36 months, in six-month increments, for the underlying OVI offense, to run consecutive to (2) one to five years, in 12-month increments, for the repeat OVI offender specification.

{¶ 35} Therefore, I agree with the majority opinion that there is no scenario in which the court could have properly sentenced Mullins to 14 months in prison. I would find that Mullins's prison sentence necessarily must be between nine and 36 months, in six-month increments, on the underlying OVI, plus one, two, three, four, or five years on the repeat OVI offender specification and that his 14-month prison sentence is contrary to law. *See State v. Thompson*, 8th Dist. Cuyahoga No. 110785, 2022-Ohio-1073, *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164; *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512.

{¶ 36} Accordingly, I would sustain Mullins's second assignment of error.