THE STATE OF OHIO, APPELLEE, *v.* BUCHANAN, APPELLANT.

(No. 33390—Decided November 29, 1974.)

*Mr. John T. Corrigan*, prosecuting attorney, for appellee.

*Mr. Salvatore A. Zingale*, for appellant.

KRENZLER, J. This case is concerned with the vexing problems faced by trial courts as to the correct procedure to be followed in accepting guilty pleas in criminal cases where a defendant has withdrawn his plea of not guilty and enters a plea of guilty.

This apparently simple procedure becomes somewhat complicated when trial courts and defense counsel do not scrupulously adhere to the mandates of the United States Constitution and Criminal Rule 11 regarding the rights of the defendant and the procedure to be followed at the time the plea is taken.

Prior to the adoption of the new Criminal Rules on July 1, 1973, the leading Ohio case involving the acceptance of guilty pleas was *State* v. *Piacella*, decided July 7, 1971, and reported in 27 Ohio St. 2d 92.

The Supreme Court of Ohio held that "where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntary made."

On the appellate level, and also prior to the adoption of

the new Criminal Rules, this Court decided *State* v. *Griffey* (March 30, 1972), 29 Ohio App. 2d 246.

In that case, after the defendant entered a plea of guilty and was sentenced, he filed an appeal in which he contended that fundamental due process was denied him at the time his plea of guilty was accepted in that the tiral court failed to make a full determination in regard to his understanding of the nature of the charge against him and the consequences of such a plea.

The prosecution contended that the plea was knowingly, voluntarily and intentionally made, that the plea was not the result of coercion, deception or intimidation, that defense counsel was present at the time of the plea and that he advised the defendant of the circumstances surrounding the indictment, that the defendant understood the nature of the charge against him and that he was motivated either by a desire to seek a lesser penalty or the fear of the consequences of a jury trial.

We reversed the judgment of the trial court in *Griffey* and concluded that the defendant's plea of guilty was not knowingly, intentionally and voluntarily made and that the defendant did not understand the nature of the charge against him and the full consequences of his entering a plea of guilty.

In that case we also discussed the general nature of a plea of guilty in a criminal case and stated that "acceptance of a plea of guilty by the trial court should be based on the substance and not form. Many times guilty pleas are accepted by the trial judge merely going through motions and not making a determination that the defendant's plea was voluntarily made. Acceptance of a plea should be based on reality and not be a mere ritual. *Kennedy* v. *United States* (6th Cir. 1968), 397 F. 2d 16. Because of the serious nature of a plea of guilty it is incumbent upon the court to take the necessary time to inform a defendant of his rights and determine whether the defendant has a complete understanding of the action he is taking. * * * A guilty plea is more than a confession which admits that the accused did various acts. It is itself a conviction and nothing remains but to give judgment and determine punishment.

*Boykin* v. *Alabama* (1969), 395 U. S. 238; *Machibroda* v. *United States* (1962), 368 U. S. 487.''

A defendant in a criminal case is guaranteed certain constitutional rights which he may invoke or choose to waive and which are contained in the Fifth and Sixth Amendments of the United States Constitution. These rights include the privilege against self-incrimination, the right to trial by jury, the right to assistance of counsel, the right to confront witnesses against him, the right to be informed of the nature and cause of the accusation, and the right to compulsory process for obtaining witnesses in his favor.

An accused's constitutional rights apply whether he is tried or enters a plea of guilty. When a defendant withdraws a plea of not guilty and/or enters a plea of guilty he waives the foregoing constitutional rights.

For a waiver of constitutional rights to be valid under the due process clause there must be an intentional relinquishment or abandonment of a known right or privilege. The waiver must be voluntarily, intelligently and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. Otherwise, it is in violation of due process and is therefore void. The court has a duty to advise the defendant of his constitutional rights and must make sure that he waives his constitutional rights before it accepts the plea of guilty.

In *Griffey* we also made some suggestions concerning the questions the trial court should ask the defendant before accepting a guilty plea. These suggested questions substantially conform to Criminal Rule 11, which at that time had not yet been adopted.

Subsequently, the Ohio Rules of Criminal Procedure were adopted effective July 1, 1973, and these Rules contain Criminal Rule 11.[1]

---

[1]"Rule 11. Pleas, Rights Upon Plea

(A) Pleas. A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. * * *

The state filed a motion for leave to appeal from the Court of Appeals in *Griffey,* and the appeal was allowed, and the Supreme Court reversed our decision in *State* v. *Griffey,* decided on July 3, 1973, and reported in 35 Ohio St. 2d 101.

In reversing *Griffey* the Supreme Court reaffirmed its decision in *State* v. *Piacella, supra,* and stated that the trial judge in accepting the plea of guilty did not violate the defendant's constitutional rights.

However, Justice Corrigan stated on page 111 that

(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:

(1) The plea of guilty is a complete admission of the defendant's guilt. * * *

(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court shall, except as provided in subsections (C) (3) and (4), proceed with sentencing under Rule 32.

(C) Pleas of guilty and no contest in felony cases.

(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right.

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witness in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. * * *

(F) Negotiated plea in felony cases. When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court. * * *"

"the Court of Appeals must be reversed, but, in so doing, we are of the mind that a salutary purpose will be served by charging the trial judges of Ohio that, in connection with the acceptance of a plea of guilty to a felony, Rule 11 of the Ohio Rules of Criminal Procedure, effective July 1, 1973, must be scrupulously adhered to, and, in addition, the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) should serve as a guide."

This interpretation of Criminal Rule 11 of the Ohio Rules of Criminal Procedure is consistent with *McCarthy* v. *United States* (1969), 394 U. S. 459, where the United States Supreme Court interpreted Rule 11 of the Federal Rules of Criminal Procedure and concluded that prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea. The Supreme Court said much the same thing that was said by Justice Corrigan in *Griffey* when it commented that if the District Court had scrupulously complied with Rule 11 there would have been no need to speculate concerning the defendant's understanding of the nature of the charges and the consequences of his plea and whether he made it voluntarily or not.

We will now turn our attention to the issues in the present case.

Defendant William A. Buchanan was indicted by the Cuyahoga County Grand Jury at its January Term, 1973, for two counts of armed robbery in violation of R. C. 2901.-13. At his arraignment the defendant plead not guilty. He was tried and a jury found him not guilty as charged in the first count of the indictment. The jury was not able to reach a verdict as to the second count. Subsequently, the defendant changed his plea of not guilty as to the second count of the amended indictment and expressed his desire to enter a plea of guilty to the lesser and included offense of felonious assault. On recommendation of the prosecutor the guilty plea was accepted.

The defendant has filed an appeal in this matter and for his assignment of error he alleges that he was not fully questioned concerning his plea of guilty to felonious assault, R. C. 2903.11(A) as required by Rule 11, Ohio Rules of Criminal Procedure.

We have carefully reviewed the transcript of proceedings taken at the time the defendant entered his guilty plea, and it is noted that the trial court complied with all of the provisions of Criminal Rule 11, except Criminal Rule 11(C)(2)(c), when it did not inform the defendant and determine that he understood before entering his plea that the state must prove him guilty beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. Thus both constitutional and Criminal Rule 11(C)(2)(c) requirements were not satisfied.[2]

We are mindful of Justice Corrigan's admonition that before a guilty plea is accepted by the trial court the provisions of Criminal Rule 11, of the Ohio Rules of Criminal Procedure, must be scrupulously adhered to. See *State* v. *Griffey, supra,* at page 111; See also, *State* v. *Scott* (1974), 40 Ohio App. 2d 139.

Inasmuch as the provisions of Criminal Rule 11 were not scrupulously adhered to, the trial court did not enter a valid plea of guilty. The defendant appellant's assignment of error is well taken. The plea of guilty is vacated and the judgment of the trial court is reversed and this case is remanded for further proceedings according to law.

Day, J., concurs.
Silbert, C. J., dissents.

Silbert, J., dissenting. I cannot concur with the majority that the lower court erred in accepting this defendant's guilty plea. As in all such cases this court must carefully review the facts and circumstances surrounding the trial court's acceptance of a guilty plea to determine if prejudicial error has occurred.

---

[2] See *In re Winship* (1970), 397 U. S. 358, which held that the requirement that the state must prove a defendant guilty beyond a reasonable doubt is a requirement of the due process clause of the United States Constitution.

This is an appeal from case No. CR-8076, in which the defendant was charged with two counts of armed robbery. The record shows that on December 26, 1973, a jury found defendant not guilty as to the first count, but that the jury reported that it was unable to reach a verdict as to the second count and was discharged. On that same date the court returned the case to the trial list for the January, 1974 term.

Thereafter, on January 7, 1974, the court permitted the defendant to withdraw his former not guilty plea to armed robbery and enter a guilty plea to the lesser included offense of felonious assault, R. C. 2903.11(A)(2).

The record shows that at his arraignment on May 17, 1973, through his trial which resulted in a not guilty verdict as to the first count of armed robbery, and finally at his change-of-plea proceeding on January 7, 1974, the defendant was represented by Frank Azzarello, Esq., a criminal defense attorney of many years' experience. The transcript shows the following exchange between the court and the defendant:

"Mr. Azzarello: At this time, your Honor, on behalf of William Arthur Buchanan, we will enter a plea to the amended indictment as stated by the Prosecutor of guilty.

"The Court: Mr. Buchanan, you have heard the statements made by the Prosecutor and also the statement made by your attorney in this case, and the Court would like to say this to you. It is your own will that you withdraw your plea of not guilty and enter a plea of guilty to the amended indictment that is placed against you here?

"You can still proceed for trial before a jury and have the jury determine the issues in this case. You understand your lawyer would have the right to cross-examine your accusers.

"You would have the right to subpoena witnesses in your behalf, to testify in your behalf and in your defense in this case, and you would leave it up to the jury of twelve men and women as to whether you were guilty or innocent of the former charge, or even of this charge now placed against you.

"Mr. Buchanan: Yes, sir.

"The Court: Do you understand? Your lawyer has explained all that to you?

"Mr. Buchanan: Yes, sir.

"The Court: And you understand it?

"Mr. Buchanan: Yes, sir.

"The Court: And you understand it?

"Mr. Buchanan: Yes, sir.

"The Court: Very well. You could also enter a plea of no contest, or you could also waive the jury and have the matter tried directly to the Court.

"You understand that, too? If you tried it to the Court, you would have the same right to subpoena witnesses in your own behalf, and your lawyer would have the right, at the same time, to cross-examine witnesses of your accusers.

"You understand all that?

"Mr. Buchanan: Yes, sir.

"The Court: Has there been any promises made to you in order to get you to change your plea from what it was?

"Mr. Buchanan: No, sir.

"The Court: Very well."

"* * *

"The Court: Mr. Buchanan, let me ask you this. As I understood, your attorney would make a statement that you would enter a plea of guilty to the amended charge placed against you. Does that meet with your approval?

"Mr. Buchanan: Yes, sir.

"The Court: Very well. And you understand this is a case of a felony where, if you plead guilty, or are found guilty, you can be sentenced to a penal institution if the Court so decides to do that? It is a crime known as a felony?

"Mr. Buchanan: Yes, sir.

"The Court: You understand that?

"Mr. Buchanan: Yes, sir.

"The Court: All right. Very well. What is your plea, then, on this case?

"Mr. Buchanan: Guilty, sir.

"The Court: Very well."

The court, in addressing the defendant, failed to ex-

plicitly inform him and determine whether he understood that he was waiving his right "to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." Criminal Rule 11(C)(2)(c). I do, however, dispute the majority's conclusion that under the facts and circumstances surrounding this case that such failure constituted prejudicial and reversible error, voiding the plea.

The issue for review is whether this defendant's plea was knowingly and intelligently made, or more specifically whether this defendant knew when he entered his guilty plea that he waived his right to have the state prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself.

The controlling and most recent authority on this issue is *State* v. *Griffey* (1973), 35 Ohio St. 2d 101. Justice J. J. P. Corrigan writing for a unanimous court in *Griffey* contrasted that case with the facts and circumstances in *Boykin* v. *Alabama* (1969), 395 U. S. 238, where he noted putting the *Griffey* "case in proper perspective," that Boykin had no criminal record, pleaded guilty at his arraignment, was not addressed by the court, and was sentenced by a jury (under Alabama procedure) to death on all five armed robbery counts in an atmosphere of great local uproar, 35 Ohio St. 2d at 105-106. On the other hand, Griffey was a seasoned defendant who was represented by competent trial counsel, benefited by a plea bargaining process which culminated in a colloquy between Griffey and a "careful trial judge" which showed "the solicitude of the court for the defendant's constitutional rights." 35 Ohio St. 2d at 106-108.

Justice Corrigan remarked that a reviewing court looks "to the substance and not the mere form of the record." 35 Ohio St. 2d at 108. While Justice Corrigan in dictum prospectively charged "the trial judges of Ohio that, in connection with the acceptance of a plea of guilty to a felony, Rule 11 of the Ohio Rules of Criminal Procedure, effective July 1, 1973, must be scrupulously adhered to . . .," the rationale of the *Griffey* holding is embodied in the following comment:

"* * * It should be observed at this point that the trial court is not engaged in a scholastic exercise but in the practical administration of justice. Both the prosecution and the defense in this case are entitled to fair and impartial treatment. The path to a conviction of the defendant, by trial or by the acceptance of a plea of guilty, was not intended to be an obstacle course; justice is not a game * * *." 35 Ohio St. 2d at 109.

Mr. Buchanan was, like Griffey, a seasoned defendant and on probation at the time of his change of plea:

"The Court: Mr. Buchanan, in looking over your record you have to admit that you do not have a very good record to present to the Court here.

"Mr. Buchanan: No.

"The Court: You have been arrested a good many times. You are on probation at this particular time, accused of burglary and larceny, burglary and larceny, probation violation, petty larceny, petty larceny, larceny, grand larceny.

"* * *

"The Court: You have here armed robbery, back here in 1962.

"Mr. Buchanan: It was unarmed robbery.

"The Court: Unarmed robbery. You were down to the Ohio Penitentiary at that time?

"Mr. Buchanan: Yes, sir. I admitted that on the stand."

In the instant case Mr. Buchanan had just emerged from a trial before the same judge, at which he was represented by Mr. Azzarello and at which the state failed to prove his guilt beyond a reasonable doubt. The record affirmatively shows these facts. I therefore cannot agree that under these circumstances, this defendant entered his guilty plea without the knowledge that he was waiving his right to again require the state to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself, when he had just emerged from such a proceeding before the same court and represented by the same competent counsel. This is affirmatively established by the record in case No. CR-8076, was known to

the court, and was understood by the defendant. The contrary conclusion arrived at by the majority effectively reduces the application of Criminal Rule 11 to a rigid, formal, scholastic exercise by the trial court judge, which by legical extension might evolve into a procedure not unlike the judicially mandated reading of *Miranda* warnings by arresting officers. Neither the *Griffey* holding nor the authorities cited therein command so technical an adherence to Criminal Rule 11. I therefore see no prejudicial error to this defendent's constitutional rights.

There is, finally, the consideration of ultimate fairness and justice to both parties in a criminal prosecution. Again as Justice Corrigan remarked in *Griffey*:

"* * * [A] man's liberty may be taken from him only when his guilt is established beyond a reasonable doubt, by trial or plea of guilty, and even then only when this is done without violating his constitutional rights. In that constitutional process, it is equally important that the trial judge, in the acceptance of a guilty plea in a criminal case, exercise the utmost solicitude for the rights of the victim of such criminality as that of Griffey's, and certainly for the rights of other citizens to be protected from his criminal proclivities in the future. It is also of primal importance that Griffey be suitably punished for his lawlessness; that an effort be made to rehabilitate him; and that other potential offenders be deterred from engaging in such criminal conduct by the court's handling of the instant case." 35 Ohio St. 2d at 109.

For these reasons I would affirm and therefore must respectfully dissent from the opinion of the court.