{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Andre Knox contends the Mahoning County Court of Common Pleas erred by accepting his guilty plea and sentencing him in accordance with the plea agreement. The issue before us is whether his guilty plea was knowing and voluntary as required by Crim.R. 11(C). Because we conclude Knox's guilty plea was both knowing and voluntary, we affirm the trial court's decision.
 {¶ 2} The Mahoning County Grand Jury returned an indictment against Knox charging him with aggravated murder (R.C. 2903.01), a felony punishable by life imprisonment, a firearm specification (R.C. 2941.145(A), and two counts of aggravated vehicular assault (R.C. 2903.08), fourth degree felonies. The charges arose out of the death of Kevin Stewart and a car accident that occurred as Knox attempted to flee the murder scene.
 {¶ 3} The State of Ohio and Knox entered into a Crim.R. 11 plea agreement. Knox agreed to plead guilty to one count of murder in violation of R.C. 2903.02, the firearm specification, and the two aggravated vehicular assault charges. In return, the State agreed to recommend the sentences for aggravated vehicular assault be served concurrent to the murder sentence. That same day, the trial court held a plea hearing, accepted his guilty plea, and immediately proceeded to a sentencing hearing. The trial court subsequently entered its sentencing order of eighteen years on the murder charge, three years on the firearm specification, and eighteen months on each of the aggravated vehicular assault charges. The court ordered the murder and aggravated vehicular assault sentences be served concurrently, but after and consecutive to the firearm specification and sentence.
 {¶ 4} Knox's sole assignment of error asserts:
 {¶ 5} "Defendant-Appellant's guilty plea was not `knowing and voluntary' as required by Criminal Rule 11(C)(2)(a) because both the judge and trial counsel did not understand the effect of he [sic] sentence."
 {¶ 6} Knox argues he "did not make a voluntary, intelligent and knowing waiver of his constitutional rights" when he plead guilty. Accordingly, his guilty plea was invalid and the decision of the trial court must be reversed.
 {¶ 7} The due process clause in both the United States and Ohio Constitutions require pleas of guilty or no contest be both knowing and voluntary. Parke v. Raley (1992), 506 U.S. 20, 28-30, 113 S.Ct. 517,121 L.Ed.2d 391; State v. Buchanan (1974), 43 Ohio App.2d 93, 96, 72 O.O.2d 307, 334 N.E.2d 503. Accordingly, the court which is determining whether or not it should accept a guilty plea is required to comply with the terms of Crim.R. 11(C). This rule requires a court to engage in a colloquy with the defendant in order to ensure the defendant is making a knowing and voluntary waiver of his or her constitutional rights.
 {¶ 8} When reviewing whether a trial court's decision to accept a defendant's guilty plea violates that defendant's constitutional rights, we must affirm the trial court's decision if it engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981), 66 Ohio St.2d 473, 20 O.O.3d 397,423 N.E.2d 115, paragraph two of the syllabus. Failure to use the exact language in Crim.R. 11(C) is not grounds for vacating the guilty plea as long as the trial court met the above standard. Id.
 {¶ 9} It is not entirely clear from Knox's brief exactly how he thinks his guilty plea was deficient. A review of the transcript fails to demonstrate exactly how the colloquy between Knox and the court failed to comply with the requirements of Crim.R. 11.
 {¶ 10} Crim.R. 11(C)(1) only applies to defendants that are not represented by counsel at their guilty plea hearing. Likewise, Crim.R. 11(C)(3) only applies to defendants pleading guilty or no contest to one or more charges of aggravated murder. As Knox was represented by counsel and did not plead guilty to a charge of aggravated murder, these rules do not apply to him. This leaves Crim.R. 11(C)(2).
 {¶ 11} Pursuant to Crim.R. 11(C)(2)(a), a court must determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Turning to the transcript in this case, the trial court ensured that Knox understood the charges against him. He was informed of the maximum penalty involved for each charge to which he intended to plead guilty. The trial court also asked a series of questions in order to ascertain the voluntariness of his plea. Finally, Knox affirmatively demonstrated that he understood what the trial court was telling him. For instance, the trial court had Knox affirmatively repeat back the minimal and maximum amounts of prison time he could serve and whether he was eligible for probation. Accordingly, it appears the trial court's colloquy with Knox satisfied the requirements of Crim.R. 11(C)(2)(a).
 {¶ 12} Crim.R. 11(C)(2)(b) requires that a trial court inform "the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." In this case, the trial court informed Knox of the various constitutional rights he was waiving as a result of his guilty plea, the affect of that waiver, and had him affirmatively demonstrate that he understood both the rights he was waiving and the effect of that waiver. Furthermore, it is clear from the transcript that Knox knew the court could proceed with judgment and sentencing upon acceptance of the guilty plea. Accordingly, the trial court's colloquy with Knox satisfied the requirements of Crim.R. 11(C)(2)(b).
 {¶ 13} Crim.R. 11(C)(2)(c) requires that a trial court ensure the defendant knows and understands certain constitutional rights. These rights include "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Id. As stated above, the trial court ensured that Knox knew and understood each of these constitutional rights. Accordingly, the trial court's colloquy with Knox satisfied the requirements of Crim.R. 11(C)(2)(c).
 {¶ 14} As the above discussion demonstrates, the transcript amply establishes the trial court complied with Crim.R. 11 when accepting Knox's guilty plea. This, combined with Knox's failure to demonstrate to this Court how he believes his guilty plea was not knowing and voluntary, manifestly show that his guilty plea was both knowing and voluntary in accordance with both Crim.R. 11 and due process. Knox's assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J. concurs.