OPINION
{¶ 1} Anthony Cioffi, Jr. ("appellant") appeals the March 11, 2002 decision of the Trumbull County Common Pleas Court. In that decision, the trial court denied appellant's "Motion to Set Aside Judgment of Conviction and to Withdraw Pleas of Guilty", made pursuant to Crim.R. 32.1. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} On November 17, 1995, the Trumbull County Grand Jury indicted appellant on two counts of Gross Sexual Imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4), and one count of Kidnapping, an aggravated felony of the second degree, in violation of R.C. 2905.01(A)(2). The charges against appellant stemmed from an allegation that appellant had fondled the genitalia of his girlfriend's nine-year old daughter. The case was assigned to the docket of Judge John Stuard.
 {¶ 3} While that case was pending, appellant was indicted for a second time on September 27, 1996. In that indictment, appellant was charged with three counts of Rape, aggravated felonies of the first degree (with life specifications), in violation of R.C.2907.02(A)(1)(b)(2), and three counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4). The charges contained in the second indictment stemmed from allegations that appellant had engaged in sexual activity with two of his biological children years prior to the allegations contained in the first indictment. This case was assigned to the docket of Judge Mitchell Shaker.
 {¶ 4} On December 3, 1996, as appellant was preparing to proceed with a jury trial on the first indictment, appellant decided to enter into a plea agreement covering both indictments. At the request of appellant's trial counsel, the second case was transferred to Judge Stuard prior to appellant entering his plea. In exchange for appellee's request to dismiss the life sentencing specifications, appellant agreed to plead guilty to one count of Gross Sexual Imposition and one count of Kidnapping on the first indictment. Appellant also agreed to plead guilty to three counts of Rape (without life specifications) and three counts of Gross Sexual Imposition on the second indictment.
 {¶ 5} On December 6, 1996, appellant was sentenced to one year on the Gross Sexual Imposition count and three to fifteen years on the Kidnapping count contained in the first indictment. On the second indictment, the trial court sentenced appellant to ten to twenty five years on the three Rape counts and one year on the three counts of Gross Sexual Imposition. All sentences were set to run concurrently, meaning appellant was faced with ten to twenty five years of imprisonment.
 {¶ 6} On March 16, 2001, almost four and a half years after his sentencing, appellant filed a "Motion to Set Aside Judgment of Conviction and to Withdraw Pleas of Guilty." The trial court held an evidentiary hearing on January 31, 2002. The trial court denied appellant's motion in a judgment entry dated March 11, 2002. In an April 1, 2002 judgment entry, this court consolidated appellant's cases for purposes of disposition. This timely appeal followed. Appellant asserts one assignment of error for our review:
 {¶ 7} "[1.] The trial court erred in overruling Defendant-Appellant's motion to set aside judgments of conviction and to withdraw pleas of guilty."
 {¶ 8} Appellant asserts that his trial counsel was not prepared to proceed on the second indictment at the time he entered his plea. Appellant also argues that due to his mental deficiencies, his reliance upon his unprepared counsel produced a plea that was less than knowing, voluntary, and intelligent. For the following reasons, we strongly disagree with appellant.
 {¶ 9} A Crim.R. 32.1 motion is addressed to the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. Also, the good faith, credibility, and weight of a defendant's assertions in support of his motion are to be resolved by the trial court. State v. Gibbs (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, citing State v. Stumpf (1987), 32 Ohio St.3d 95,104. Thus, our review is limited to whether the trial court abused its discretion in denying appellant's Crim.R. 32.1 motion. State v. Barnett
(1991), 73 Ohio App.3d 244, 250. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Pursuant to Crim.R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of demonstrating that such a withdrawal is necessary to correct a manifest injustice.State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, citing State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. Manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. State v.Talanca (Dec. 23, 1999), 11th Dist. No. 98-T-0158, 1999 Ohio App. LEXIS 6257. Although there is no time limit for filing a Crim.R. 32.1 motion, an undue delay between the occurrence of the alleged cause for the withdrawal of a guilty plea and the filing of a Crim.R. 32.1 motion is a factor that may adversely affect the credibility of the defendant and weighs against allowing a defendant's plea to be withdrawn. Smith, supra, at paragraph three of the syllabus.
 {¶ 11} In the instant case, appellant's Crim.R. 32.1 motion was made more than four years after he entered his guilty plea. Therefore, appellant must demonstrate the existence of a manifest injustice.
 {¶ 12} Before accepting a guilty plea, the trial court must inform the defendant that by pleading guilty, a defendant is waiving the rights enumerated in Crim.R. 11(C)(2)(c). State v. Gibson (1986),34 Ohio App.3d 146, 147. "The waiver must be voluntary, intelligently, and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. Otherwise, it is in violation of due process and is therefore void."State v. Buchanan (1974), 43 Ohio App.2d 93, 96.
 {¶ 13} It is important to note that appellant does not challenge the validity of the Crim. R. 11 plea colloquy between himself and the trial court. The record is clear that appellant affirmatively waived all rights at the sentencing hearing. In the alternative, appellant argues that his plea was not voluntarily, knowingly, or intelligently made due to the ineffective assistance of his trial counsel, and his arguments will be addressed as such.
 {¶ 14} Appellant argues that his trial counsel was unprepared to go to trial on the second indictment, and as a result, failed to fully advise appellant of his options prior to entering his plea. More specifically, appellant alleges that his trial counsel failed to advise him of a potentially exculpatory piece of evidence. The evidence in question consisted of a letter from a counseling service indicating that both of appellant's victims had initially denied being raped, but that the eldest victim later confirmed appellant's transgressions against him. Therefore, while the letter indicates that at least one victim had denied any inappropriate behavior, the letter also indicates that the second victim confirmed appellant's inappropriate behavior. While not specifically mentioning the phrase "ineffective assistance of counsel", appellant is essentially asserting such a claim in the case now before us.
 {¶ 15} A properly licensed attorney is presumed to have rendered effective assistance to his client. State v. Smith (1985),17 Ohio St.3d 98, 100. In order to demonstrate ineffective assistance of counsel in the context of a guilty plea, a defendant must show that "(1) counsel's performance was deficient and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error(s), the defendant would not have pled guilty." State v. Madeline, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332, 2002 Ohio App. LEXIS 1348, at *9.
 {¶ 16} Of primary concern to this court is the fact that the record is full of testimony from appellant's trial counsel indicating he advised appellant not to take the plea offer from appellee, while appellant offers no testimony to the contrary. The record indicates appellant's counsel was meeting with Judge Stuard on the first indictment when appellant had his counsel called out of the meeting. Appellant's counsel testified that he was told appellant wanted "to see you right now. He's changed his mind." Upon hearing that, appellant's counsel met with appellant. To his counsel's surprise, appellant said, "I want to plead. I want to get this done. What is the best deal we can do?" Appellant's counsel then stated "Tony, let's take them one at a time. I know Shaker wants to put you into trial right after this is done. I won't let that happen." Appellant responded, "It doesn't matter." Appellant's counsel again stated: "Let's just worry about this case." Appellant then replied, "No, go back and see what you can do."
 {¶ 17} Furthermore, appellant's counsel provided the following uncontroverted testimony at his deposition:
 {¶ 18} "A: Tony said, "Let's get it done." I said, "Are you sure?" He said, "what difference would it make to win one case, but don't win the other, they are going to take me no matter what I do."
 {¶ 19} "Q: How was he basing that analysis?
 {¶ 20} "A: I really don't know. He knew what his criminal history is.
 {¶ 21} "Q: He has an offense out there dealing with having sex with, like, a 16 or 17 year old.
 {¶ 22} "A: That's it. It's not a significant history I told him. He kept saying, `This is Trumbull County.' I said, `Tony, we have discussed all that.' Now, I am telling him, `Don't plead, okay?' I want you to know that I am telling him not to plead, this is trial day, this is like anxiety at this time. He said, `I want to get rid of them all.'"
 {¶ 23} Based on the above, there is no indication that appellant's trial counsel ever advised appellant to enter into the plea agreement. The record indicates that appellant was aware of his trial counsel's strategy to delay the start of the second trial, and that appellant was also aware that the reason for the delay was so that his counsel could have adequate time to prepare. In spite of his counsel's best efforts, appellant chose to ignore his counsel's advice and enter into the plea agreement. Now, almost four and a half years later, appellant argues that his counsel was ineffective. Appellant offers no testimony to support his argument. Also, appellant has failed to allege that but for his counsel's errors, he would not have pled guilty.
 {¶ 24} As for the letter from the counseling service, appellant's counsel testified that he could not recall receiving the letter, and at the time he counseled appellant regarding the plea agreement, was not aware of the letter or its contents. This assessment was reinforced by the trial court in its judgment entry, which stated: "Had the conference with the judge, prosecutor and counsel for the Defendant not been interrupted by Defendant's summons of counsel, the information contained in the Children Services file would have been provided to counsel, at least those portions that may have been exculpatory." (emphasis added). Again, appellant offered no testimony to the contrary on this issue. As a result, appellant has failed to show any prejudice as a result of his trial counsel's actions. Indeed, his trial counsel advised him to forego the plea agreement and proceed with the trial on the first indictment. The record also indicates that had appellant not interrupted the conference with the judge to seek a plea bargain, appellant's counsel would have received the information from the counseling service. Further, at appellant's sentencing hearing, appellant was asked several times if he was satisfied with his trial counsel's performance, to which appellant responded in the affirmative.
 {¶ 25} We note the record indicates appellant's medical expert testified that appellant's IQ of 75 was "not quite in the mentally retarded range, ***. Appellant's expert also testified that "he was a man of at least average basic intelligence, ***, probably appreciably brighter than he could show." Furthermore, the record indicates appellant had been involved in criminal proceedings before and appellant's trial counsel also testified: "I don't have any doubt that he knew what we were there about or how it was going to be handled. Not only because I explained it to him, but in comments that Tony made to me throughout these proceedings." Appellant argues that due to his mental deficiencies, he relied heavily upon the advice of his counsel, but the record indicates appellant knowingly ignored the advice of his counsel. Based on the above, we conclude the trial court was correct in finding that appellant's mental deficiencies did not affect the validity of his plea.
 {¶ 26} Throughout his arguments, appellant has failed to present any testimony demonstrating ineffective assistance of counsel. Appellant's plea bargain significantly reduced the possible length of his sentence from life to that of ten to twenty five years. Upon examining the totality of the circumstances, we hold appellant has failed to establish the existence of a manifest injustice and that the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motion. See Madeline, Kerns, supra.
 {¶ 27} For the foregoing reasons, appellant's sole assignment of error is overruled. The decision of the Trumbull County Common Pleas Court is hereby affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.