OPINION *Page 2 
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Christopher Sayers, appeals the decision of the Mahoning County Court of Common Pleas that accepted Sayers's plea of guilty to kidnapping, attempted rape, and domestic violence, rejected the State's sentencing recommendation, and sentenced Sayers to five years imprisonment. Sayers argues that his guilty plea was not knowing, voluntary, and intelligent because the trial court did not explain that it nevertheless had the discretion to reject the State's sentencing recommendation. Sayers also argues that his counsel at the sentencing hearing was constitutionally ineffective.
 {¶ 2} The trial court explicitly told Sayers that it could sentence him to nineteen and a half years in prison if he pleaded guilty, and the plea agreement which Sayers signed stated that the trial court was not bound by the sentencing recommendation. Thus, Sayers's argument concerning his plea is meritless. There is nothing in the record which supports a finding that counsel's performance was either deficient or could have affected the sentence imposed by the trial court. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} The Mahoning County Grand Jury indicted Sayers on two counts of kidnapping, one count of felonious assault, one count of attempted rape, and one count of domestic violence. Sayers entered into a plea agreement with the State. In exchange for his guilty plea to one count of kidnapping, one count of attempted rape, and one count of domestic violence, the State agreed to dismiss the two remaining counts and recommend a four year prison sentence. The agreement was memorialized in a document signed by Sayers. After a hearing, the trial court accepted Sayers's guilty plea and scheduled the sentencing hearing for November 20, 2007. On November 16, 2007, Sayers's counsel moved to withdraw representation and to continue the sentencing hearing. The trial court granted the motion to withdraw and appointed new counsel, but *Page 3 
denied the motion to continue the sentencing hearing. At the sentencing hearing, the trial court imposed a five year prison sentence on Sayers.
 Validity of Plea {¶ 4} In the first of two assignments of error, Sayers argues:
 {¶ 5} "Appellant's guilty plea was not made knowingly, voluntarily, and intelligently because the trial court failed to inform Appellant that the State's sentencing recommendation was not binding on the court."
 {¶ 6} Sayers contends the trial court failed to comply with Crim. R. 11 when accepting his guilty plea and, therefore, his plea was not knowing, intelligent, and voluntary. In particular, Sayers contends that the trial court neglected to ensure that Sayers understood that the trial court was not bound by the sentencing recommendation agreed to in the plea agreement and could instead sentence Sayers to a longer prison term. The record does not support this argument.
 {¶ 7} The due process clause in both the United States and Ohio Constitutions requires pleas of guilty or no contest to be knowing, intelligent, and voluntary. Parke v. Raley (1992), 506 U.S. 20, 28-30,113 S.Ct. 517, 121 L.Ed.2d 391; State v. Buchanan (1974),43 Ohio App.2d 93, 96, 334 N.E.2d 503. When determining the voluntariness of a plea, courts must consider all of the relevant circumstances surrounding it.State v. Johnson, 7th Dist. No. 07-MA-8, 2008-Ohio-1065, at ¶ 8;Brady v. United States (1970), 397 U.S. 742, 749, 90 S.Ct. 1463,25 L.Ed.2d 747. If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. State v.Martinez, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶ 11, citingBoykin v. Alabama (1969), 395 U.S. 238, 243, 89 S.Ct. 1709,23 L.Ed.2d 274.
 {¶ 8} Crim. R. 11(C)(2) describes the procedure a trial court must use when accepting a guilty plea in a felony case. It requires that the trial court engage in a colloquy with the defendant to do all of the following:
 {¶ 9} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of *Page 4 
community control sanctions at the sentencing hearing.
 {¶ 10} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 11} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Id.
 {¶ 12} When reviewing whether a trial court's decision to accept a defendant's guilty plea violates that defendant's constitutional rights, an appellate court must affirm the trial court's decision if it engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115, paragraph two of the syllabus. In contrast, if appellant raises a violation of a nonconstitutional right, then only substantial compliance is required. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. A trial court substantially complies with this requirement when, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Stewart (1977), 51 Ohio St.2d 86, 93,364 N.E.2d 1163.
 {¶ 13} Knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent and voluntary plea. State v.Johnson (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295. However, Crim. R. 11(C)(2)(a) requires the trial court explain to a defendant, before it accepts the defendant's plea, "the nature of the charge and of the maximum penalty involved," so a trial court must ensure that the defendant knows the maximum penalty he could be subject to receiving under the plea. Johnson at 133.
 {¶ 14} The following exchange took place between the trial court and Sayers at his change of plea hearing: *Page 5 
 {¶ 15} "The Court: And do you understand if I accept your plea this morning I could proceed with judgment and sentence — you could get sentenced for two, three, four, five, six, seven, or eight years on attempted rape; six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months on domestic violence; and for two, three, four, five, six, seven, eight, nine, ten years on the kidnapping, for a possible total of 19 and a half years?
 {¶ 16} "The Defendant: Yes, ma'am."
 {¶ 17} The trial court later ensured that nobody had promised Sayers anything in order to obtain his guilty plea. Furthermore, the plea agreement that Sayers signed prior to that hearing and that the trial court reviewed stated as follows:
 {¶ 18} "I recognize that sentencing lies solely within the discretion of the court and that any agreement between counsel for the State of Ohio and my attorney is merely a recommendation."
 {¶ 19} Sayers argues that this situation is similar to that inState v. Clark, 4th Dist. No. 02CA12, 2002-Ohio-6684. In that case, the Fourth District found the defendant did not knowingly, voluntarily, and intelligently enter into the plea because the trial court never explained to the defendant that it was not bound by the State's sentencing recommendation. The Fourth District described the record as follows:
 {¶ 20} "Reviewing the totality of circumstances, we cannot find that Clark subjectively understood the implications of his plea at the plea hearing. Specifically, the record reveals that the Court verbally informed Clark that the maximum penalty for felonious assault is eight years imprisonment, but Clark signed a form indicating that the State would recommend only a four and one-half year sentence. Without clarification from the court or counsel regarding the force of a recommended sentence, Clark may have believed that his plea agreement guaranteed that he would not receive a sentence greater than four and one-half years. Thus, Clark did not knowingly, intelligently, and voluntarily enter his plea." Id. at ¶ 14.
 {¶ 21} Clark is distinguishable from this case because here the form Sayers signed clearly stated the force of the State's recommendation. This combined with the trial *Page 6 
court's statement that it could sentence Sayers to a term of up to nineteen and a half years in prison, sufficiently ensures that Sayers subjectively understood the implications of his plea. Thus the trial court substantially complied with Crim. R. 11(C)(2)(a) when accepting Sayers's guilty plea, and Sayers's first assignment of error is meritless.
 {¶ 22} Sayers's remaining assignment of error argues:
 {¶ 23} "Appellant was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when his retained counsel withdrew from his case four days prior to sentencing date and substitute counsel was unprepared to proceed."
 {¶ 24} This court will not reach the merits of this argument, as Sayers has waived the issue. A defendant who enters a guilty plea "waives the right to claim that [he] was prejudiced by constitutionally ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary."State v. Barnett, (1991), 73 Ohio App.3d 244, 249, 596 N.E. 2d 1101;State v. Scranton Buchanan, 7th Dist. No. 05MA60, 2006-Ohio-5653, ¶ 17. Sayers's argument relates to assigned counsel at his sentencing hearing, and does not address his guilty plea. Because Sayers's assignment of error has nothing to do with whether his plea was knowing, voluntary, and intelligent, his argument has been waived.
 {¶ 25} Accordingly, both of Sayers's assignments of error are meritless, and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1