[Cite as *State v. Miller*, 2015-Ohio-4688.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102848**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RICHARD MILLER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585534-A

**BEFORE:** Jones, P.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 12, 2015

**ATTORNEY FOR APPELLANT**

Mary Catherine O'Neill
50 Public Square
Suite 1900
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Mary Weston
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Richard Miller appeals from the trial court's judgment of conviction. We affirm.

## I. Procedural History and Facts

{¶2} In 2014, Miller was indicted on several charges stemming from the August 2005 and January 2006 rapes of two different victims. In both instances, Miller, who was a stranger to the victims, broke into their homes. In one case, the victim's four-year-old son was sleeping in her bed with her. Miller had a gun and told the victim that he would shoot her son if she resisted. In the other case, Miller held a pillow over the victim's face.

{¶3} After negotiations with the state, Miller pleaded guilty to two counts of rape, one count for each of the two victims; the remaining charges were nolled. The trial court sentenced Miller to nine years on each of the two counts and ordered that the sentences be served consecutively, for a total 18-year sentence. Miller now appeals, raising the following errors for our review:

> I. The trial court erred by sentencing appellant to multiple consecutive sentences by failing to engage in the three step analysis required by O.R.C. 2929.14(C) and the supporting case law.
>
> II. The plea was involuntary as it was based upon a reasonable reliance on the trial court's indication of sentence at the time of the plea.
>
> III. The appellant received ineffective assistance of counsel during his plea negotiations.

## II. Law and Analysis

**Guilty Plea**

{¶4} For ease of discussion, we first consider Miller's contention, raised in his second assignment of error, that his plea was not voluntarily made because of the trial court's alleged

indication at the plea hearing of how it would sentence him. According to Miller, the trial court told him that his maximum sentence would be 14 years.

{¶5} The Due Process Clause of both the United States and Ohio Constitutions require that guilty or no contest pleas are knowing, intelligent, and voluntary. *Parke v. Raley*, 506 U.S. 20, 28-30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Buchanan*, 43 Ohio App.2d 93, 96, 334 N.E.2d 503 (8th Dist.1974). When determining the voluntariness of a plea, courts must consider all of the relevant circumstances surrounding it. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *State v. Johnson*, 7th Dist. Mahoning No. 07-MA-8, 2008-Ohio-1065, ¶ 8. If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. Mahoning No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶6} In order for a trial court to ensure that a defendant's plea is knowing, voluntary, and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25-26. During the colloquy, the trial court is to provide specific information to the defendant, including the constitutional rights being waived (such as trial by jury and confrontation of witnesses) and nonconstitutional information (such as nature of the charges and the maximum penalty involved) before the judge may accept the plea. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 29.

{¶7} A trial court must strictly comply with Crim.R. 11 regarding constitutional rights and must substantially comply regarding nonconstitutional rights. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance [with Crim.R. 11] means that under

the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶8} Miller contends that the trial court informed him at the plea hearing that the maximum sentence he would be receiving would be 14 years. We disagree. Rather, the record reflects that the trial court used the possibility of a 14-year sentence to demonstrate to Miller that it could sentence consecutively, as opposed to concurrently. The trial court stated the following:

> You should know, Mr. Miller, that I can sentence you concurrently meaning these charges can run together or consecutively, meaning that I can stack the charges.
>
> So I can say five years on Count 1, and ten years on Count 4 making it a total of 14 years.[1]

{¶9} Miller indicated that he understood. The trial court went on to specifically explain that, as felonies of the first degree, Miller was subject to a prison term of anywhere between three and ten years of prison on each offense, and Miller again indicated that he understood. Further, the trial court complied with advising Miller of all of his other rights.

{¶10} Miller did not object at sentencing on the ground that he believed 14 years was the maximum sentence he would receive. Moreover, although he filed a motion to withdraw his plea, it was not on the ground that he had been misinformed about the maximum sentence. Rather, the ground for the motion to withdraw his plea was that he had been counseled to take it even though he believed he had a defense to the charges.

{¶11} On this record, we find no merit to Miller's contention that he was promised a 14-year sentence, and overrule his second assignment of error.

---

[1]The trial court obviously misspoke and meant to say for a total 15-year sentence.

**Consecutive Sentences**

{¶12} In his first assignment of error, Miller contends that the trial court erred in sentencing him to consecutive terms because it failed to make the required statutory findings. We disagree.

{¶13} R.C. 2929.14(C)(4) gives a sentencing judge discretion to order an offender to serve individual counts of a sentence consecutively.    The statute provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive

sentences are necessary to protect the public from future crime by the offender.

{¶14} After considering the presentence investigation report, listening to the two victims' statements, the arguments of counsel and Miller's statement, the trial court made the following findings in ordering the two rape counts to be served consecutively:

> The Court imposes prison terms consecutively finding that consecutive sentences [are] necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of this defendant's conduct and to the danger this defendant poses to the public[.]   *   * *
>
> * * * [T]wo of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of this defendant's conduct, or the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this defendant.
>
> So certainly both of those factors apply, meaning that consecutive sentences are necessary to protect the public from future crime and to punish this defendant, and certainly that he has continued to commit crimes, albeit not sex offenses; however, the said harm caused by these multiple offenses was so great to these women, that no single prison term for this offense could be adequate under the circumstances, and that this sentence reflects the seriousness of this defendant's conduct.

{¶15} Miller contends that the trial court failed to make a finding under the required subsections of (a), (b), or (c) of R.C. 2929.14(C)(4).   He is incorrect — as stated above, the trial court found that both (b) and (c) applied.   Miller goes on to contend that neither of the findings could be supported by the record.   In regard to the finding under subsection (b), Miller contends that the crimes could not have constituted a course of conduct because "[t]he two counts of rape which Appellant was convicted of were two completely separate crimes.   Each count had an independent victim, and the circumstances surrounding the crimes were likewise very different."

{¶16} We find Miller's reasoning without merit.   The circumstances surrounding the

crimes constituted a course of conduct in that in both instances Miller broke into the stranger victims' homes while they were sleeping and raped them. Further, Miller's reasoning regarding the two separate victims actually supports the imposition of consecutive sentences. *See, e.g., State v. Sexton*, 10th Dist. Franklin No. 01AP-398, 2002-Ohio-3617, ¶ 67 ("consecutive sentences protect the public by striving to deter criminal conduct demonstrated by the commission of multiple offenses and, where there are multiple victims, the imposition of consecutive sentences is reasonable to hold the defendant accountable for crimes committed against each victim").

{¶17} We are also not persuaded by Miller's contention that the record does not support consecutive sentences because it is devoid of evidence that his "crime was more serious, egregious, or unusual than any other rape." The trial court found that the crimes were egregious and were a woman's "worst nightmare." In so finding, the court relied on the home invasion aspect of the crimes, coupled with the threats, which in one case involved a threat to kill the victim's four-year-old son. On this record, consecutive sentences were justified and the trial court made the required findings in imposing them.

{¶18} In light of the above, the first assignment of error is overruled.

**Ineffective Assistance of Counsel**

{¶19} For his final assignment of error, Miller contends that he received ineffective assistance of trial counsel.

{¶20} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's

ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶21} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley*. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).

{¶22} The record demonstrates that after the plea hearing, Miller discharged his first court-appointed trial attorney, and retained another attorney. Miller's retained attorney filed a motion to withdraw his plea. As grounds for the motion, counsel stated that Miller felt that his first attorney "did not adequately advise him of all of the ramifications of his plea. He feels that he has an opportunity to defend himself at trial and that he has a valid defense to his case." At the beginning of the sentencing hearing, however, retained counsel indicated that he was withdrawing the motion because he "had discussions with [Miller] about the facts of the case, a number of discussions, and he does not want to go forward with that motion to withdraw the plea."

{¶23} Miller now contends that at sentencing he "attempted to put forward a factual defense," and that his attempt to do so "indicates that the lines of communication between the initial lawyer and [him] were not open, and that [he] was counseled to take the plea offer without his original attorney knowing the facts and circumstances surrounding the incident."

{¶24} But Miller's contention is negated by the fact that his second attorney filed a motion to withdraw his plea, but after further discussion with Miller, Miller decided that he did not wish to pursue withdrawing his plea. Miller, therefore, has failed to demonstrate either prong for an ineffective assistance of counsel claim. His third assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR